Jerome S. MURRAY, Appellant,

v.

WEINBERG & BUSH, INC., a corporation, Appellee.

WEINBERG & BUSH, INC., a corporation, Appellant,

v.

H. Max AMMERMAN, Irving S. Lichtman, and Parkwood, Inc., a corporation, Appellees.

Nos. 16148, 16147.

United States Court of Appeals District of Columbia Circuit.

Argued May 24, 1961.

Decided June 15, 1961.

Mr. Denis K. Lane, Washington, D. C., for appellant in No. 16148.

Mr. James M. Earnest, Washington, D. C., with whom Messrs. James D. New-

---

ton, Nathaniel Goldberg and Martin Kirsch, Washington, D. C., were on the brief, for appellee in No. 16148 and for appellant in No. 16147.

Mr. Lucien Hilmer, Washington, D. C., with whom Messrs. David G. Bress and J. H. Krug, Washington, D. C., were on the brief, submitted on the brief, for appellees, Ammerman and Lichtman, in No. 16147. Mr. Joseph G. Dooley, Washington, D. C., submitted on the brief, for appellee, Parkwood, Inc., in No. 16147.

Before EDGERTON, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

Weinberg & Bush, Inc., appellee in No. 16,148 and appellant in No. 16,147, filed its complaint in the District Court seeking to recover the sum of $20,000.00, growing out of a real estate transaction in which it claimed to be entitled to a broker's commission. The suit was against the seller, Parkwood, Incorporated, an appellee in No. 16,147, the purchasers, H. Max Ammerman and Irving S. Lichtman, also appellees in No. 16,-147, and Jerome S. Murray, appellant in No. 16,148. The judgment sought against Murray was based on the theory that he had purported to act as agent for Parkwood, Incorporated in the real estate transaction but that he was without authority from Parkwood to do so.

The question whether Weinberg & Bush, Inc. was the procuring cause of the transaction was disputed. The trial court found that it was. The matter of the authority of Murray was hotly contested; and, on conflicting testimony, the trial court rendered judgment in favor of Weinberg & Bush, Inc. against Murray on the ground that he had acted as agent, without authority. Murray duly noted his appeal in the case which is now No. 16,148.

Insofar as Parkwood, Incorporated was concerned, the court found that it did not hire Weinberg & Bush, Inc. nor authorize Murray or any one else to do so. Insofar as Ammerman and Lichtman were concerned, the court found that no valid claim for relief existed. The court rendered judgment in favor of Parkwood, Incorporated and Ammerman and Lichtman against Weinberg & Bush, Inc. In order to protect itself in the event the judgment against Murray was reversed, Weinberg & Bush, Inc. appealed in the case which is now No. 16,147.

We are unable to say that the findings in favor of Weinberg & Bush, Inc. against Murray are clearly erroneous. Accordingly, the judgment against Murray, in No. 16,148, is affirmed.

It is conceded by Weinberg & Bush, Inc. that if the judgment against Murray were affirmed, the judgment against Weinberg & Bush, Inc. in favor of Parkwood, Inc. and Ammerman and Lichtman should likewise be affirmed. Therefore, the judgment in No. 16,147 is affirmed.

No. 16,148 affirmed

No. 16,147 affirmed.